IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES BOYCE HARMON,  :

      Plaintiff  :

        vs.  : CIVIL ACTION NO. 3:CV-08-1880
      : (JUDGE KOSIK)
FEDERAL BUREAU OF PRISONS,  :

      Defendant  :

## MEMORANDUM and ORDER

James Boyce Harmon, an inmate confined at USP-Lewisburg, Pennsylvania, instituted the instant action on October 7, 2008. Harmon captioned his action as a "Writ of Habeas Corpus" naming as Respondents, the Federal Bureau of Prisons, Director Michael Lappin, Lewisburg Warden Bledsoe and all designees and civilians, et al. In his "Writ of Habeas Corpus", Harmon alleges that on July 8, 2008, he was assaulted by his cell mate. He states that he thinks his cell mate hit him in the head with a lock. Harmon further asserts that in 2005, he had an accident while wiping coffee off of the floor and that he hit his head causing very serious head trauma. He states that he desperately needs an x-ray to determine the damage. Harmon alleges that he has been subjected to some very serious bodily malfunctions, memory loss, impaired vision, acute hearing loss, uncontrollable bowel movements, severe rashes, and loss of sexual drive. He states that the incident with his cell mate has made the symptoms from the first injury more severe. He states that he was placed in Administrative Segregation and after a few weeks, he was

asked to go back to the compound. He refused and was given an incident report. He argues that the administration is subjecting him to medical neglect and cruel and unusual punishment under the 8th Amendment because he was not transferred to a medical facility. Harmon also asserts that all of his personal property was either stolen by his cell mate or lost in his move to the SHU. He argues that the administration's conduct violates procedural due process and his 8th and 14th Amendment rights.

Harmon asserts that his life is in jeopardy of possibly being assaulted or killed. He states that he notified the County Court, the U.S. Attorney for the Middle District, the Federal Bureau of Investigation, the Pennsylvania Attorney General, the local Public Defender and the Prison Project to no avail. The Federal Bureau of Investigation notified him that they want to interview him and he notified them that he wants to bring formal criminal charges against his cell mate.

In his prayer for relief, Harmon requests the issuance of a permanent injunction placing him in a medical facility on medical convalescence status. He also wants that his personal property be replaced or that he be reimbursed $2,000.00 for it. As a separate attachment, Harmon submits documents in support of his claims.

The Clerk of Court docketed Harmon's filing as a civil rights complaint pursuant to 28 U.S.C. § 1331. On October 14, 2008, Harmon was sent an Administrative Order by the Clerk of Court directing him to pay the filing fee or an application to proceed in forma

pauperis and an authorization form within thirty (30) days or the case would be dismissed.

In response to the Administrative Order, Harmon filed a "Motion to Amend Title from Habeas Corpus -- to -- Order to Show Cause Due to this Assault." In this document, Harmon states that he's not pursuing any type of civil action. He discusses the allegations raised in his original filing. He also states that he will send $5.00 to this court as soon as possible.

A review of the documents submitted by Harmon show that he is not complaining about the fact of his sentence or the execution of it. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Rather, he is complaining about the conditions of his confinement. Harmon is attempting to initiate a civil action pursuant to 28 U.S.C. § 1331 by characterizing it as a "Writ of Habeas Corpus" or "Order to Show Cause." However, the documents filed by Harmon will be construed as a civil rights action pursuant to 28 U.S.C. § 1331. Harmon will be directed to pay the filing fee or to comply with the Administrative Order sent to him by the Clerk of Court on October 14, 2008.

**ACCORDINGLY, THIS 30 DAY OF OCTOBER, 2008, IT IS HEREBY ORDERED THAT:**

1. Harmon's motion to amend title from Habeas Corpus to Order to Show Cause Due to Assault (Document 6) is **DENIED**;

2. The above-captioned action shall proceed as a civil rights action pursuant to 28

U.S.C. § 1331; and

    3. Harmon is directed to either pay the filing fee or comply with the Administrative Order of the Clerk of Court dated October 14, 2008 if he wishes to proceed with this action. Failure to timely comply by November 14, 2008 will result in dismissal of this action.

*(signature)*

Edwin M. Kosik
United States District Judge